**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMICAR MALDONADO MONTENGUDO**<br>522 W. PHILADELPHIA STREET<br>YORK, PA 17401<br>**Plaintiff**<br>**vs.**<br><br>**STATE TROOPER**<br>**PHILLIP S. PRONICK**<br>**BADGE NUMBER 3540**<br>8000 BRETZ DRIVE<br>HARRISBURG, PA 17112<br><br>**AND**<br><br>**STATE TROOPER**<br>**DAVID LONG (SHIELD)**<br>**BADGE NUMBER UNK**<br>8000 BRETZ DRIVE<br>HARRISBURG, PA 17112<br><br>AND<br><br>**COLONEL CHRISTOPHER PARIS**<br>1800 ELMERTON AVENUE<br>HARRISBURG, PA 17110<br>**Defendants** | **JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**No.** |

## CIVIL COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Amicar Maldonado Montengudo, brings this action for damages pursuant to 42 U.S.C. §§ 1983 against Defendants due to violation of Plaintiff's Fourth and Fourteenth Amendment rights as a result of Defendants falsely imprisoning Plaintiff without cause.

2. **JURISDICTION AND VENUE**

3. This Court has jurisdiction over the claims brought under 28 U.S.C. §§1331 and 1343.

4. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

5. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in Lower Paxton Township, Pennsylvania, which is in the Middle District of Pennsylvania.

## II. PARTIES

6. Plaintiff, Amicar Maldonado Montengudo, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

7. Defendant, State Trooper Pronick, was at all material times a state trooper for the Pennsylvania State Police Department who is being sued in his individual capacity.

8. Defendant, State Trooper Long, was at all material times a state trooper first class for the Pennsylvania State Police Department who is being sued in his individual capacity

9. Defendant, Colonel Paris, was at all material times a commissioner for the Pennsylvania State Police who is being sued in his individual capacity.

10. At all material times, Defendant Pronick was acting under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, and customs of the Pennsylvania State Police.

11. At all material times, Defendant Long was acting under color of state law, within the course and scope of his employment, and pursuant to the policies, practices, and customs of the Pennsylvania State Police

12. At all relevant times, Defendant Colonel Paris acted or failed to act by and through his officers, including the individually named officers, Pronick and Long, then and there acting within the course and scope of their agency, servanthood, and/or employment, under color of state law, and pursuant to the policies, practices, and customs of the Pennsylvania State Police.

13. Defendant Colonel Paris is the final policymaker for the Pennsylvania State Police.

## III. OPERATIVE FACTS

14. On or about July 31, 2023, at approximately 1:30 p.m., Plaintiff was a front seat passenger in a vehicle operated by Caonabo Rivas-Martes traveling northbound on I-83 in Lower Paxton Township, Dauphin County, Pennsylvania.

15. At the same time, date, and location, Defendant Pronick was operating a marked Pennsylvania State Police vehicle and initiated a traffic stop of Plaintiff and the driver.

16. During the traffic stop, Defendant Pronick received verbal permission to search the vehicle and found a pill bottle containing a white powdery substance.

17. Plaintiff stated that the pill bottle belonged to him and contained baking soda as a remedy to relieve his upset stomach.

18. Defendant Pronick seized the pill bottle.

19. Plaintiff requested that the substance be tested, but the Defendant advised that he did not have a testing kit on location.

20. To avoid any potential issues, Plaintiff offered to go to the barracks with the Defendant to have the substance tested, but the Defendant refused.

21. Instead, the Defendant told Plaintiff and the driver to leave the scene and the substance would later be tested.

22. On August 23, 2023, Defendants Pronick and/or Long intentionally misidentified the substance in Plaintiff's pill bottle as a mixture of Xylazine and Fentanyl.

23. Upon information and belief, Defendants Pronick and/or Long had not conducted any testing on the substance within the pill bottle before completing an Affidavit of Probable Cause and requesting a Warrant for Plaintiff's arrest.

24. In fact, on August 3, 2023, the Defendant called the Plaintiff to advise him of the negative results and offered that he could return and pick up the baking soda.

25. On or about August 23, 2023, the Affidavit of Probable Cause was approved by a Magisterial District Judge and Defendant Pronick was granted an arrest warrant against Plaintiff for (1) Manufacture, delivery, or possession of a controlled substance with intent to deliver, and (2) Use or possession of drug paraphernalia.

26. Upon information and belief, the Defendants sent the substance to the Pa. State Police Lab for testing, and the substance was negative for any illegal narcotic.

27. Plaintiff had no knowledge of this arrest warrant.

28. On or about October 10, 2023, at approximately 10:00 p.m., Plaintiff landed at John F. Kennedy International Airport, located in Queens, New York after arriving on a Delta Airlines flight from Santo Domingo, Dominican Republic.

29. At the above date, time, and location, Plaintiff entered the customs line and was interviewed about his course of travel and occupation by the customs agent.

30. At the above date, time, and location, the customs agent took Plaintiff to a room and handcuffed Plaintiff's hands to his own waist.

31. At the above date, time, and location, The Port Authority Police placed Plaintiff in a holding cell until 8:00 am the following morning.

32. The next day, at approximately 9:00 a.m., Plaintiff was taken to New York City Criminal Court located in Queens County, where he met with a Public Defender and was held in various holding cells until 8:00pm until he saw the Judge.

33. Plaintiff's pregnant fiancé waited there the entire day hoping that he would be released and come home.

34. At approximately 11:00 a.m. the following morning, Plaintiff was placed on a bus to Rikers Prison located in Elmhurst, New York.

35. Plaintiff spent approximately fourteen (14) days at Rikers Prison before being transferred to Dauphin County Prison located in Harrisburg, Pennsylvania.

36. On or about October 24, 2023, at approximately 9:45 p.m., Plaintiff attended his Preliminary Hearing where he learned from the judge that his criminal charges were the result of the traffic stop that occurred on July 31, 2023.

37. On the same date and time as above, Plaintiff paid his bond of $50,000.00 and was released from police custody.

38. At Plaintiff's Preliminary Hearing, Defendant Pronick was present and testified that the substance in Plaintiff's pill bottle that was seized on July 31, 2023 was indeed baking soda.

39. All charges brought against Plaintiff were withdrawn.

40. At all relevant times, Plaintiff did not act or fail to act in any manner that would, in the totality of the circumstances, create probable cause to seize his person.

41. At all relevant times, Defendants were not aware of any facts from which probable cause to seize Plaintiff would arise.

42. At all relevant times, Defendants knew that they lacked probable cause to seize Plaintiff's person.

43. As a direct and proximate result of the above, Plaintiff has suffered emotional stress, anxiety, depression, harm, loss of enjoyment of life, anguish, and humiliation and may continue to suffer the same for an indefinite time into the future, to his great detriment and loss.

44. As a further direct and proximate result of the above, Plaintiff has suffered a loss of earnings and/or earnings capacity past, present, and/or future.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—FALSE ARREST**
**AMICAR MALDONADO MONTENGUDO v. DEFENDANTS PRONICK AND LONG**

45. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

46. Defendants Pronick and/or Long lacked probable cause to obtain a warrant authorizing the arrest of Plaintiff.

47. In the warrant affidavit, Defendant Pronick made false statements or omissions that created a falsehood.

48. Defendant Pronick made those false statements or omissions either deliberately, or with reckless disregard for the truth.

49. Defendant Pronick's false statements or omissions were material, or necessary, to the finding of probable cause for the arrest warrant.

50. The above-described acts and failures to act of Defendants Pronick and/or Long violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, the laws of the United States and Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

51. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Amicar Maldonado Montengudo demands compensatory and punitive damages against Defendants State Trooper Pronick and Long to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT II – 42 U.S.C. § 1983**
**FOURTH AMENDMENT - MALICIOUS PROSECUTION**
**AMICAR MALDONANDO MONTENGUDO V. DEFENDANT PRONICK AND LONG**

52. All preceding paragraphs of this Complaint are fully incorporated herein by reference.
53. Defendants Pronick and/or Long intentionally, maliciously, and without probable cause, caused the Plaintiff to be subject to criminal proceedings.
54. Plaintiff's criminal charges were all withdrawn.
55. Defendants Pronick and/or Long had facts and circumstances available to them that would not warrant a prudent person to believe that probable cause existed for Plaintiff's arrest warrant.
56. Defendants Pronick and/or Long requested an arrest warrant against Plaintiff prior to receiving confirmation as to the identity of the substance in Plaintiff's possession.
57. As a direct and proximate result of the malicious and intentional actions of Defendants Pronick and/or Long , Plaintiff suffered a deprivation of liberty and damages which are described above.
58. The above-described actions were so malicious and intentional, and display such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Amicar Maldonado Montengudo demands compensatory and punitive damages against Defendants State Trooper Pronick and Long, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

## COUNT III – 42 U.S.C. § 1983
## BYSTANDER LIABILITY-FAILURE TO INTERVENE
## AMICAR MALDONANDO MONTENGUDO V. DEFENDANT PRONICK AND LONG

59. All preceding paragraphs are fully incorporated herein by reference.

60. Defendants, Troopers Pronick and/or Long had a constitutional and/or statutory duty to intervene when Plaintiff  was illegally arrested and prosecuted.

61. Defendants, Troopers Pronick and/or Lon were present while Plaintiff's rights were being violated, knew that his rights were being violated, and had a reasonable opportunity to intervene in the aforementioned violations of their constitutional rights.

62. Defendants, Troopers Pronick and/or Long, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injuries and harm.

63. The acts and failures to act of Defendants, Troopers Pronick and/or Long, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Amicar Maldonado Montengudo demands compensatory and punitive damages against Defendants State Trooper Pronick and Long, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT V – 42 U.S.C. § 1983**
**CONSPIRACY**
**AMICAR MALDONANDO MONTENGUDO V. DEFENDANT PRONICK AND LONG**

64. All preceding paragraphs are fully incorporated herein by reference.

65. As demonstrated by their concerted conduct, Defendants, Troopers Pronick and/or Long, entered into an agreement or reached a meeting of the minds to violate Plaintiffs constitutional rights in the ways described above.

66. The actions of Defendants, Troopers Pronick and/or Long, were so malicious, intentional, reckless, or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Amicar Maldonado Montengudo demands compensatory and punitive damages against Defendants State Trooper Pronick and Long, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
***MONELL* CLAIM**
**AMICAR MALDONANDO MONTENGUDO v. DEFENDANT PARIS**

67. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

68. Defendant Paris is the final policymaker for the Pennsylvania State Police.

69. Plaintiff believes and therefore avers that Defendant Paris has systematically failed to discipline law enforcement officers, including the individually named Defendant, who has failed to exercise due diligence before requesting warrants for arrest.

70. The failure of Defendant Paris to adopt adequate customs and provide adequate training to his law enforcement officers regarding the requirements for adequate proper cause to support warrants for arrest was deliberately indifferent to the constitutional rights of its citizens and was the proximate cause of Plaintiff's injuries.

71. The need for Defendant Paris to train, supervise, and/or discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom of respecting constitutional limits is obvious which risks severe deprivation of liberty.

72. Said training and/or custom, or lack thereof, violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

73. Plaintiff believes and therefore avers that Defendant Paris was aware of the aforementioned lack of training and/or custom for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendant, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or was deliberately indifferent to the policies, practices, and customs that violated the

constitutional rights of individuals such as Plaintiff, with regard to the proper exercise of due diligence necessary before issuance of a warrant for arrest.

74. Plaintiff believes and therefore avers that Defendant Paris knew or should have known of the aforementioned custom, as well as the inadequate training, and discipline of law enforcement officials of the Pennsylvania State Police, including the individually named Defendant, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

a. Failure to provide adequate training, supervision, and discipline to officers regarding proper protocol for identifying unknown substances retrieved at traffic stops;

b. Failure to provide adequate training, supervision, and discipline to officers regarding the proper measure of probable cause and exercise of due diligence required prior to issuing a warrant for arrest;

c. Failure to provide adequate training, supervision, and discipline to officers regarding the proper action to take when presented with exculpatory evidence;

d. Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

e. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Pennsylvania State Police;

f. Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the Pennsylvania State Police where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in the departments;

g. Failure to properly test, train, and/or select its officers with regards to proper protocol to follow prior to requesting a warrant for arrest; and

h. Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

75. The deliberate indifference of the aforementioned training and/or customs, or lack thereof, was a proximate cause of Plaintiff's injuries and losses and the violation of his constitutional rights.

76. By failing to take action to stop or limit and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, Defendant Paris condoned, acquiesced in, participated in, and perpetrated the custom in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and in violation of 42 U.S.C. § 1983.

77. The plaintiff believes and therefore avers, that Defendant Paris has for many years maintained an inadequate system of review of claims regarding improper arrests due to invalid warrants, which the system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, do not sufficiently demonstrate probable cause for arrests.

78. Upon information and belief, the systematic deficiencies include, but are not limited to:

   i. The preparation of criminal complaints and affidavits of probable cause with incorrect information and lack of supporting evidence;

   j. The issuance of arrest warrants which rely solely on the word of Pennsylvania State Police Troopers involved in the incident, and systematically fail to require additional supporting evidence;

   k. The issuance of arrest warrants which omit factual information and physical evidence that contradicts the accounts of the officers involved; and

   l. Failure to review criminal complaints and affidavits of probable cause by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Amicar Maldonando Montengudo demands compensatory damages against Defendant Colonel Paris to fairly and adequately compensate Plaintiff, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT IV – PENNSYLVANIA COMMON LAW**
**FALSE ARREST/ FALSE IMPRISONMENT**
**AMICAR MALDONADO MONTENGUDO v. DEFENDANT PRONICK AND LONG**

79. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

80. Defendants Troopers Pronick land Long lacked probable cause to obtain a warrant authorizing the arrest of Plaintiff.

81. In the warrant affidavit, Defendant Troopers Pronick and/or Long made false statements or omissions that created a falsehood.

82. Defendant Troopers Pronick and/or Long made those false statements or omissions either deliberately, or with reckless disregard for the truth.

83. Defendants Troopers Pronick's and Long's false statements or omissions were material, or necessary, to the finding of probable cause for the arrest warrant.

84. The above-described acts and failures to act of Defendants Troopers Pronick and/or Long violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

85. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff Amicar Maldonado Montengudo demands compensatory and punitive damages against Defendants State Trooper Pronick and Long to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT IV – PENNSYLVANIA COMMON LAW**
**MALICIOUS PROSECUTION**
**AMICAR MALDONADO MONTENGUDO v. DEFENDANT PRONICK AND LONG**

86. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

87. At the time Defendants Trooper Pronick and/or Long arrested and initiated the prosecution against the Plaintiff they did not have probable cause to arrest and prosecute him for the crimes of 35 § 780-113 §§ A30 Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, 35 § 780-113 §§ A32 Use/Poss of Drug Paraphernalia or any other crime.

88. Because they did not have probable cause to arrest and prosecute the Plaintiff, Defendants Trooper Pronick and/or Long fabricated evidence and manufactured probable cause thereby initiating the prosecution against the Plaintiff with malice.

89. Defendants Trooper Pronick and/or Long ignored exculpatory evidence that exonerated the Plaintiff, and continued the prosecution without probable cause until December 13, 2023, despite knowing the Plaintiff could not and did not commit the crimes at least a four (4) before dismissing charges.

90. Defendants Trooper Pronick and/or Long prosecution of the Plaintiff without probable cause, based on fabricated evidence, was malicious, corrupt and/or outside the scope of their official duties.

91. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff Amicar Maldonado Montengudo demands compensatory and punitive damages against Defendants State Trooper Pronick and Long to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

ABRAMSON & DENENBERG, P.C.

/s/ Alan Denenberg
ALAN DENENBERG, ESQUIRE
Pennsylvania ID No. 54161
ABRAMSON & DENENBERG, P.C.
1315 Walnut Street | Suite 500
Philadelphia, PA 19107
(215) 398-7066
adenenberg@adlawfirm.com

/s/ Richard L. Stutman
Richard L. Stutman, Esq.
Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
(215) 546-1345
rstutman@adlawfirm.com
*Counsel for Plaintiff*

Date: August 13, 2025