## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMICAR MALDONADO MONTENGUDO | : | |
| Plaintiff | : | No. 1:25-cv-01497 |
| | : | |
| v. | : | |
| | : | Judge Kane |
| PHILLIP S. PRONICK, DAVID | : | |
| LONG, and CHRISTOPHER | : | Electronically Filed Document |
| PARIS, | : | |
| | : | *Complaint Filed 08/13/2025* |
| Defendants | : | |

## COMMONWEALTH DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants Pronick, Long, and Paris ("Commonwealth Defendants"), by and through counsel, hereby submit this Answer and Affirmative Defenses to the Complaint. (ECF Doc. 1).

## I.    INTRODUCTION[1]

1. This paragraph is a statement/conclusion of law to which no response is required. To the extent that a response is required, it is DENIED that the Defendants violated Plaintiff's constitutional rights.

---

[1] Defendants utilize the organizational headings and paragraph numeration used by Plaintiff within the Complaint for the ease and convenience of the reader. Defendants do not admit any factual averments contained therein.

2. **JURISDICTION AND VENUE**

3. This paragraph is a statement/conclusion of law to which no response is required.

4. This paragraph is a statement/conclusion of law to which no response is required.

5. This paragraph is a statement/conclusion of law to which no response is required.

## II.    PARTIES

6. Upon information and belief, ADMITTED.

7. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, it is ADMITTED that Defendant Pronick was a state trooper for the Pennsylvania State Police Department around the time of the allegations in the Complaint.

8. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, it is ADMITTED that Defendant Long was a state trooper for the Pennsylvania State Police Department around the time of the allegations in the Complaint.

9. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, it is ADMITTED that

Defendant Paris was Commissioner of the Pennsylvania State Police Department around the time of the allegations in the Complaint.

10. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are DENIED.

11. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are DENIED.

12. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are DENIED.

13. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the characterization of Defendant Paris's responsibilities are DENIED as stated.

## III.    OPERATIVE FACTS

14. ADMITTED.

15. ADMITTED.

16. ADMITTED.

17. ADMITTED.

18. ADMITTED.

19. After reasonable investigation, Defendants are unable to either admit or deny the allegations in this paragraph, particularly those related to what the Plaintiff said. Therefore, the averments in this paragraph are DENIED. By way of further response, Plaintiff told Defendant Pronick that he could check the substance and Plaintiff was released from the scene.

20. After reasonable investigation, Defendants are unable to either admit or deny the allegations in this paragraph, particularly those related to what the Plaintiff said. Therefore, the averments in this paragraph are DENIED.

21. ADMITTED.

22. DENIED. By way of further response, on August 1, 2023, the substance was analyzed using an MX 908 machine and found to be Xylazine/Fentanyl. Xylazine is not for human consumption and is an animal tranquilizer, which is often mixed with Fentanyl. (Exhibit A – Police Report at 32 and 38 – 45).

23. After reasonable investigation, Defendants are unable to either admit or deny the allegations in this paragraph, particularly those related to what the Plaintiff said. Therefore, the averments in this paragraph are DENIED.

24. ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff and Defendant Pronick spoke on the phone the day of August 3, 2023. The remaining averments are DENIED. By way of further response, during the conversation, Plaintiff told Defendant Pronick that he would not come to

PSP Harrisburg and hung up the phone. Additionally, Defendant Pronick did

not become aware of any negative test results until November 29, 2023. (Ex.

A at 66 - 67).

25. ADMITTED.

26. ADMITTED in part and DENIED in part. It is ADMITTED only that the

substance was submitted for testing to the Pennsylvania State Police Bureau

of Forensic Services on August 31, 2023 and that it was found to be negative

for narcotics on or about November 29, 2023. The remaining averments and

characterizations in this paragraph are DENIED.

27. Defendants are unable to speak to Plaintiff's personal knowledge and,

therefore, cannot respond to this averment. To the extent a response is

required, the averments in this paragraph are DENIED.

28. DENIED. Upon information and belief, Plaintiff was attempting to board a

flight to, not from, the Dominican Republic. (Ex. A at 51).

29. After reasonable investigation, Defendants lack the information necessary to

either admit or deny the averments in this paragraph. Therefore, the

averments and characterizations contained therein are DENIED.

30. After reasonable investigation, Defendants lack the information necessary

to either admit or deny the averments in this paragraph. Therefore, the

averments and characterizations contained therein are DENIED.

31. After reasonable investigation, Defendants lack the information necessary to either admit or deny the averments in this paragraph. Therefore, the averments and characterizations contained therein are DENIED.

32. After reasonable investigation, Defendants lack the information necessary to either admit or deny the averments in this paragraph. Therefore, the averments and characterizations contained therein are DENIED.

33. After reasonable investigation, Defendants lack the information necessary to either admit or deny the averments in this paragraph. Therefore, the averments and characterizations contained therein are DENIED.

34. After reasonable investigation, Defendants lack the information necessary to either admit or deny the averments in this paragraph. Therefore, the averments and characterizations contained therein are DENIED. By way of further response, Plaintiff was held at Rikers Prison pending extradition.

35. ADMITTED.

36. ADMITTED in part and DENIED in part. It is ADMITTED that on October 24, 2023, Plaintiff was arraigned and released on bail by District Judge Joseph Lindsey of Dauphin County. The remaining averments and characterizations in this paragraph are DENIED.

37. ADMITTED.

38. After reasonable investigation, Defendants lack the information necessary to either admit or deny the averments in this paragraph. Therefore, the averments and characterizations contained therein are DENIED.

39. ADMITTED.

40. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

41. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

42. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

43. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

44. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

## COUNT I – 42 U.S.C. § 1983
## FOURTH AND FOURTEENTH AMENDMENTS—FALSE ARREST
## AMICAR MALDONADO MONTENGUDO v. DEFENDANTS PRONICK AND LONG

45. This is an incorporation paragraph to which no response is required.

46. This paragraph is a statement/conclusion of law to which no response is required.

47. DENIED.

48. DENIED.

49. DENIED.

50. This paragraph is a statement/conclusion of law to which no response is required.

51. DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT II – 42 U.S.C. § 1983
## FOURTH AMENDMENT - MALICIOUS PROSECUTION
## AMICAR MALDONANDO MONTENGUDO V. DEFENDANT PRONICK AND LONG

52. This is an incorporation paragraph to which no response is required.

53. DENIED.

54. ADMITTED.

55. DENIED.

8

56. DENIED.

57. This paragraph is a statement/conclusion of law to which no response is required.

58. This paragraph is a statement/conclusion of law to which no response is required.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

### COUNT III – 42 U.S.C. § 1983
### BYSTANDER LIABILITY-FAILURE TO INTERVENE
### AMICAR MALDONANDO MONTENGUDO V. DEFENDANT PRONICK AND LONG

59. This is an incorporation paragraph to which no response is required.

60. This paragraph is a statement/conclusion of law to which no response is required.

61. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

62. DENIED.

63. This paragraph is a statement/conclusion of law to which no response is required.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT V – 42 U.S.C. § 1983
### CONSPIRACY
### AMICAR MALDONANDO MONTENGUDO V. DEFENDANT PRONICK AND LONG

64. This is an incorporation paragraph to which no response is required.

65. DENIED.

66. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT III – 42 U.S.C. § 1983
### *MONELL* CLAIM
### AMICAR MALDONANDO MONTENGUDO v. DEFENDANT PARIS

67. This is an incorporation paragraph to which no response is required.

68. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the characterization of Defendant Paris's responsibilities are DENIED as stated.

69. DENIED.

10

70. DENIED.

71. This paragraph is a statement/conclusion of law to which no response is required.

72. This paragraph is a statement/conclusion of law to which no response is required.

73. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

74. This paragraph and its subsections (a – h) are statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph and its subsections (a – h) are DENIED.

75. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

76. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

77. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

78. This paragraph and its subsections (i – l) are statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph and its subsections (i – l) are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT IV – PENNSYLVANIA COMMON LAW
## FALSE ARREST/ FALSE IMPRISONMENT
## AMICAR MALDONADO MONTENGUDO v. DEFENDANT PRONICK AND LONG

79. This is an incorporation paragraph to which no response is required.

80. DENIED.

81. DENIED.

82. DENIED.

83. DENIED.

84. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

85. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

**COUNT IV – PENNSYLVANIA COMMON LAW**
**MALICIOUS PROSECUTION**
**AMICAR MALDONADO MONTENGUDO v. DEFENDANT PRONICK**
**AND LONG**

86. This is an incorporation paragraph to which no response is required.

87. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

88. DENIED.

89. DENIED. Defendants did not discover the initial test was inaccurate until November 29, 2023. (Ex. A at 66 - 67). The charges were dismissed two weeks later. Plaintiff was not incarcerated during those two weeks.

90. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

91. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

In addition to the responses asserted above, Defendants assert the following Affirmative Defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants acted reasonably given the fact there was a false positive test. As soon as the error was realized, the charges against Plaintiff were dropped.

3. Defendants did not make any intentional misrepresentations while obtaining an arrest warrant.

4. Defendants were not empowered to withdraw charges unilaterally.

5. Defendant Paris cannot be liable under a *Monell* theory because he is not a local government or municipality.

6. The Complaint fails to state a viable "supervisor liability" claim against Defendant Paris.

7. Defendants, as state employees, may be immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

8. Plaintiff is not entitled to all of the damages he seeks under the law.

14

9. Defendants had probable cause for their actions and, therefore, did not violate the Plaintiff's constitutional rights.

10. Plaintiff's claims may be barred by a lack of personal involvement.

11. Plaintiff's claims may be barred by the doctrines of estoppel, waiver, laches, and/or applicable statute of limitations.

12. Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, that become available during the pendency of this litigation.

**Respectfully submitted,**

**DAVID W. SUNDAY, JR.**
**Attorney General**

**By:**  *s/ Andrew J. Wollaston*
**ANDREW J. WOLLASTON**
**Office of Attorney General**              **Deputy Attorney General**
**15th Floor, Strawberry Square**         **Attorney ID PA 322861**
**Harrisburg, PA 17120**
**Phone: (717) 480-1932**

**NICOLE R. DITOMO**
**awollaston@attorneygeneral.gov**   **Chief Deputy Attorney General**
**Civil Litigation Section**

**Date:  October 23, 2025**              **Counsel for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMICAR MALDONADO MONTENGUDO** | **:** | |
| **Plaintiff** | **:** | |
| | **:** | **No. 1:25-cv-01497** |
| **v.** | **:** | |
| | **:** | **Judge Kane** |
| **PHILLIP S. PRONICK, DAVID LONG, and CHRISTOPHER PARIS,** | **:** | **Electronically Filed Document** |
| | **:** | |
| | **:** | *Complaint Filed 08/13/2025* |
| **Defendants** | **:** | |

## CERTIFICATE OF SERVICE

I, Andrew J. Wollaston, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 23, 2025, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

**VIA ELECTRONIC FILING**

**Alan Denenberg, Esq.**
**Richard L. Stutman, Esq.**
**Abramson & Denenberg, P.C.**
**1315 Walnut Street, Suite 500**
**Philadelphia, PA 19107**
**adenenberg@adlawfirm.com**
**rstutman@adlawfirm.com**
*Counsel for Plaintiff*

        *s/ Andrew J. Wollaston*
        **ANDREW J. WOLLASTON**
        Deputy Attorney General