**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMICAR MALDONADO MONTENGUDO** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:25-cv-01497** |
| **v.** | : | |
| | : | **Judge Kane** |
| **PHILLIP S. PRONICK, DAVID LONG, and CHRISTOPHER PARIS,** | : | |
| | : | **Electronically Filed Document** |
| | : | |
| | : | *Complaint Filed 08/13/2025* |
| **Defendants** | : | |

## COMMONWEALTH DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendants Pronick, Long, and Paris ("Commonwealth Defendants"), by and through counsel, hereby submit this Answer and Affirmative Defenses to the Amended Complaint. (ECF Doc. 9).

## I.    INTRODUCTION[1]

1. This paragraph is a statement/conclusion of law to which no response is required. To the extent that a response is required, it is DENIED that the Commonwealth Defendants violated Plaintiff's constitutional rights.

---

[1] Commonwealth Defendants utilize the organizational headings and paragraph numeration used by Plaintiff within the Amended Complaint for the ease and convenience of the reader. Commonwealth Defendants do not admit any factual averments contained therein.

## II.    JURISDICTION AND VENUE

2.  This paragraph is a statement/conclusion of law to which no response is required.

3.  This paragraph is a statement/conclusion of law to which no response is required.

4.  This paragraph is a statement/conclusion of law to which no response is required.

## III.    PARTIES

5.  Upon information and belief, ADMITTED.

6.  This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, it is ADMITTED that Defendant Pronick was a state trooper for the Pennsylvania State Police Department around the time of the allegations in the Amended Complaint.

7.  This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, it is ADMITTED that Defendant Long was a state trooper for the Pennsylvania State Police Department around the time of the allegations in the Amended Complaint.

8.  This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, it is ADMITTED that

Defendant Paris was Commissioner of the Pennsylvania State Police Department around the time of the allegations in the Amended Complaint.

9.  This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are DENIED.

10. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the allegations in this paragraph are DENIED.

11. It is ADMITTED only that Defendant Paris was Commissioner of the Pennsylvania State Police Department around the time of the allegations in the Amended Complaint. The remaining averments and characterizations of Defendant Paris's responsibilities and authorities are DENIED as stated.

## IV.   OPERATIVE FACTS

12. ADMITTED.

13. After reasonable investigation, Commonwealth Defendants are without information to either admit or deny the averments in this paragraph. The averments in this paragraph are, therefore, DENIED.

14. ADMITTED.

15. ADMITTED in part and DENIED in part. It is ADMITTED that Defendant Pronick conducted a traffic stop of the vehicle during which he spoke with

the Plaintiff and Mr. Rivas-Martes. The remaining averments and characterizations in this paragraph are DENIED. (Exhibit A – Police Report).

16. ADMITTED in part and DENIED in part. It is ADMITTED that Defendant Pronick spoke with Mr. Rivas-Martes and conducted a query of his name and date of birth through the computer system. The remaining averments and characterizations in this paragraph are DENIED.

17. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the allegations in this paragraph. Therefore, the averments in this paragraph are DENIED.

18. DENIED. By way of further response, the vehicle was registered to Amber Rodriguez Vasquez.

19. DENIED.

20. It is ADMITTED that the interaction between Defendant Pronick and the Plaintiff occurred in English. The remaining averments and characterizations in this paragraph are DENIED as stated.

21. ADMITTED in part and DENIED in part. It is ADMITTED that Defendant Pronick was aware that Plaintiff and Mr. Rivas-Martes had been pulled over on I-78 by another state trooper on August 11, 2022. The remining averments and characterizations in this paragraph are DENIED.

22. DENIED.

23. It is ADMITTED that Plaintiff gave Defendant Pronick permission to search the vehicle. The remaining averments and characterizations in this paragraph ae DENIED.

24. This paragraph is a conclusion of law to which no response is required. To the extent that a response is required, the remaining averments and characterizations in this paragraph are DENIED.

25. ADMITTED in part and DENIED in part. It is ADMITTED that, during the search, Defendant Pronick discovered a pill bottle of white powder inside a green grocery bag, along with some watermelon. The remaining averments and characterizations in this paragraph are DENIED. By way of further response, Defendant Pronick was not aware that the white substance was baking soda at the time of the stop, and the bottle was supposed to contain a quantity of capsules for medication.

26. ADMITTED.

27. DENIED.

28. ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff said the bottle and white powder were his. It is also ADMITTED that Plaintiff said the powder was baking soda used to treat an upset stomach.

The remaining averments and characterizations in this paragraph are DENIED.

29. ADMITTED.

30. Upon information and belief, and after reasonable investigation, the averments and characterizations in this paragraph are DENIED.

31. Upon information and belief, and after reasonable investigation, the averments and characterizations in this paragraph are DENIED.

32. Upon information and belief, and after reasonable investigation, the averments and characterizations in this paragraph are DENIED.

33. Upon information and belief, and after reasonable investigation, the averments and characterizations in this paragraph are DENIED.

34. Upon information and belief, and after reasonable investigation, the averments and characterizations in this paragraph are DENIED.

35. DENIED.

36. DENIED.

37. DENIED.

38. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

39. DENIED.

40. DENIED.

41. DENIED.

42. ADMITTED. By way of further response, the MX 908 machine concluded the substance was Xylazine/Fentanyl. (Ex. A at 8, 38 – 45).

43. DENIED.

44. DENIED.

45. DENIED.

46. DENIED.

47. ADMITTED.

48. DENIED.

49. DENIED.

50. DENIED.

51. This paragraph references a document which speaks for itself and, therefore, no response is required. To the extent a response is required, it is specifically DENIED that Defendant Pronick wrote anything false in the affidavit of probable cause.

52. This paragraph references a document which speaks for itself and, therefore, no response is required. To the extent a response is required, it is specifically DENIED that Defendant Pronick wrote anything false in the affidavit of probable cause.

53. This paragraph contains statements/conclusions of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

54. DENIED.

55. DENIED. Defendant Pronick called Plaintiff on August 3, 2023 regarding coming to Pennsylvania State Police Station - Harrisburg to speak about the incident. Plaintiff related that Defendant Pronick could keep the "baking powder" and hung up the phone. During that phone call, Defendant Pronick was under the impression that the substance was Xylazine/Fentanyl.

56. ADMITTED.

57. DENIED.

58. This paragraph references a document which speaks for itself and, therefore, no response is required. To the extent a response is required, it is specifically DENIED that Defendant Pronick made any misrepresentations in the affidavit of probable cause.

59. ADMITTED.

60. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. Specifically, they do not know what Plaintiff knew and when. Therefore, the averments and characterizations in this paragraph are DENIED.

61. DENIED. Upon information and belief, Plaintiff was attempting to fly to the Dominican Republic.

62. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. They are therefore DENIED.

63. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. They are therefore DENIED.

64. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. They are therefore DENIED.

65. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. They are therefore DENIED.

66. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. They are therefore DENIED.

67. After reasonable investigation, Commonwealth Defendants are unable to either admit or deny the averments in this paragraph. They are therefore DENIED.

68. ADMITTED.

69. ADMITTED.

70. ADMITTED.

71. ADMITTED.

72. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

73. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

74. This paragraph and its footnote are statements/conclusions of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

75. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

76. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

77. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

78. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

79. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

## COUNT I – 42 U.S.C. § 1983
## FOURTH AND FOURTEENTH AMENDMENTS—FALSE ARREST
## AMICAR MALDONADO MONTENGUDO v. TROOPERS PRONICK AND LONG

80. This is an incorporation paragraph to which no response is required.

81. This paragraph is a statement/conclusion of law to which no response is required.

82. DENIED.

83. DENIED.

84. DENIED.

85. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

86. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

87. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT II – 42 U.S.C. § 1983
## FOURTH AND FOURTEENTH AMENDMENT - MALICIOUS PROSECUTION
## AMICAR MALDONANDO MONTENGUDO V. TROOPERS PRONICK AND LONG

88. This is an incorporation paragraph to which no response is required.

89. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

90. ADMITTED

91. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

92. DENIED.

93. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

94. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

95. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT III – 42 U.S.C. § 1983
## CONSPIRACY AGAINST RIGHTS
## AMICAR MALDONANDO MONTENGUDO V. TROPPERS PRONICK AND LONG

96. This is an incorporation paragraph to which no response is required.

97. DENIED.

98. DENIED.

99. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT IV – 42 U.S.C. § 1983
## SUPERVISOR LIABILITY
## AMICAR MALDONANDO MONTENGUDO v. COLONEL PARIS

100. This is an incorporation paragraph to which no response is required.

101. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the characterization of Defendant Paris's responsibilities is DENIED as stated.

102. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

103. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

104. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

105. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

106. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

107. DENIED.

108. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

109. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

110. DENIED.

111. DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

### COUNT IV – PENNSYLVANIA COMMON LAW
### FALSE ARREST/ FALSE IMPRISONMENT
### AMICAR MALDONADO MONTENGUDO v. TROOPERS PRONICK AND LONG

112. This is an incorporation paragraph to which no response is required.

113. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

114. DENIED.

115. DENIED.

116. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

117. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

118. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

119. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

## COUNT IV – PENNSYLVANIA COMMON LAW
## MALICIOUS PROSECUTION
## AMICAR MALDONADO MONTENGUDO v. DEFENDANT PRONICK AND LONG

120. This is an incorporation paragraph to which no response is required.

121. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED.

122. ADMITTED.

123. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

124. DENIED.

125. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

126. This paragraph is a statement/conclusion of law to which no response is required. To the extent a response is required, the averments and characterizations in this paragraph are DENIED.

This is a "wherefore" paragraph containing statements/conclusions of law to which no response is required. To the extent a response is required, the averments in this paragraph are DENIED. It is also DENIED that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

In addition to the responses asserted above, Commonwealth Defendants assert the following Affirmative Defenses:

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Commonwealth Defendants acted reasonably given the fact there was a false positive test. As soon as the error was realized, the charges against Plaintiff were dropped.

3. Commonwealth Defendants did not make any intentional misrepresentations while obtaining an arrest warrant.

4. Commonwealth Defendants were not empowered to withdraw charges unilaterally.

5. The Amended Complaint fails to state a viable "supervisor liability" claim against Defendant Paris.

6. Commonwealth Defendants, as state employees, may be immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

7. Plaintiff is not entitled to all of the damages he seeks under the law.

8. Defendants Pronick and Long had probable cause for their actions and, therefore, did not violate the Plaintiff's constitutional rights.

9. Plaintiff's claims may be barred by a lack of personal involvement.

10. Plaintiff's claims may be barred by the doctrines of estoppel, waiver, laches, and/or applicable statute of limitations.

11. Commonwealth Defendants reserve the right to assert additional affirmative defenses, as appropriate, that become available during the pendency of this litigation.

**Respectfully submitted,**

**DAVID W. SUNDAY, JR.**
**Attorney General**

By:   *s/ Andrew J. Wollaston*

**ANDREW J. WOLLASTON**
**Deputy Attorney General**
**Attorney ID PA 322861**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 480-1932**

awollaston@attorneygeneral.gov

**Date:  December 2, 2025**

**Counsel for Commonwealth**
**Defendants**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMICAR MALDONADO MONTENGUDO | : | |
| Plaintiff | : | |
| | : | No. 1:25-cv-01497 |
| v. | : | |
| | : | Judge Kane |
| PHILLIP S. PRONICK, DAVID LONG, and CHRISTOPHER PARIS, | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 08/13/2025* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Andrew J. Wollaston, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on December 2, 2025, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

**VIA ELECTRONIC FILING**

**Alan Denenberg, Esq.**
**Richard L. Stutman, Esq.**
**Abramson & Denenberg, P.C.**
**1315 Walnut Street, Suite 500**
**Philadelphia, PA 19107**
adenenberg@adlawfirm.com
rstutman@adlawfirm.com
*Counsel for Plaintiff*

 *s/ Andrew J. Wollaston*
**ANDREW J. WOLLASTON**
Deputy Attorney General